IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROY P. BENAVIDEZ,

        Plaintiff,                         No. CIV S-05-2212 CMK

        vs.

JO ANNE B. BARNHART,
Commissioner of Social Security,

        Defendant.                   <u>ORDER</u>

_____ /

        Plaintiff, Roy P. Benavidez, brings this action for judicial review of a final decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g) and Local Rule 72-302. The parties have filed cross motions for summary judgment. As both parties have consented to magistrate jurisdiction (docs. 7 and 10.), the motions are before the undersigned for decision.

I. <u>Background</u>

        Plaintiff applied for supplemental security income (SSI) and disability insurance benefits (DIB) on July 17 and July 23, 2003. In his applications, plaintiff alleged that he had been disabled due to diabetes, weakness and numbness of feet, and poor vision beginning on September 2, 2001.

1  Plaintiff's application was denied initially and upon reconsideration.  A hearing
2  was held before  administrative law judge ( ALJ) Mark Ramsey on October 14, 2004 with
3  plaintiff and his attorney present.  (Tr. 190.)  Plaintiff was thirty-four years old at the time of the
4  Administrative Law Judge's decision.  (Tr. 18.)  Plaintiff has a high school education, and,
5  although he was never diagnosed with a learning problem, he took a long time to learn things
6  and attended some special education classes. (Tr. 202-206.)  He previously worked as a
7  dishwasher, stock person, prep cook, construction worker, security guard, and parking lot
8  director.  (Tr. 56, 193-195.)

9  Plaintiff testified that, for the past six months, he has lived with his parents.  (Tr.
10  191.)  Prior to that, he stayed with his brother. (Tr. 192.)  Plaintiff's mother takes care of most
11  of plaintiff's daily living activities—she changes his sheets, does the laundry, cleans, and cooks.
12  (Tr. 196-197.)  Plaintiff does not do any yard work or gardening at his parents house and does
13  not go to the movies or play any sports.  (Id.)  When he lived with his brother, plaintiff's brother
14  did most of the cleaning, however, plaintiff sometimes did laundry and sometimes cooked.  (Tr.
15  197.)  Plaintiff has no hobbies, aside from watching tv,  but he walks his dog for twenty minutes
16  a day for fun and exercise.  (Tr. 199.)  Plaintiff used to hunt and do volunteer work, but he does
17  not do either of those things anymore.  (Tr. 199.)  His father takes him to the store once a month,
18  and he stays there for at least an hour, sometimes two.  (Tr. 198.)

19  Plaintiff testified that he took several medications.  (Tr. 200-203.)  He stated that
20  he was diagnosed with diabetes in 1996  and has taken insulin ever since.  (Tr. 206-210.)
21  Plaintiff is 6' 7" and weighs 265 pounds.  (Tr. 216.) His doctors have not told him to lose weight.
22  (Id.)

23  Plaintiff stopped working in 2002 because of problems with his feet; his feet are
24  numb up to "halfway between [his] kneecap; he has some tingling and sharp pains; he often hurts
25  his feet due to his inability to feel them; at the time of the hearing, he had open sores on his feet.
26  (Tr. 206, 210.)  Plaintiff also has serious vision problems and his hands are numb half of the

time. (Tr. 206-209, 211.) Due to his hand numbness, plaintiff doubted that he could type or pick coins up off the table. (Tr. 212.) He must ask for assistance in buttoning shirts and cannot tie his shoes. (Tr. 213.) He can hold a fork to eat, but things slip from his grip sometimes. (Tr. 214.)

Plaintiff testified that he was recently diagnosed with bipolar disorder. (Tr. 218-219.) When he sits for long times, he gets restless. He does not know if he would be able to do a job where he sat for most of the day and worked with his hands. (Id.) Plaintiff doubts that he could return to his job as a security guard because he cannot walk as much as would be needed. (Tr. 218.)

Plaintiff provided the ALJ with his relevant medical records. (Tr. 110-122, 123-125, 126-133, 136-143, 146-176.) A review of the records from the Sacramento Primary Care Clinic reveal that plaintiff could not sit still, had lost jobs and friends, and had family problems. (Tr. 149.) Plaintiff rocked back and forth, his legs were in constant motion, and he talked very fast. (Id.) His examiner concluded that plaintiff suffered from bi-polar disorder. (Id.) Other medical records reveal treatment for diabetes, foot numbness and high blood pressure. (Tr. 110-122, 146-176.) A consultative opthamological examination revealed that plaintiff had a visual efficiency of 80% in his right eye and 34% in his left eye. (Tr. 123.) A consultative examination by Satish Sharma, M.D. revealed that plaintiff had trouble with tandem gait and with vision in his left eye. (Tr. 126-133.) Plaintiff had a decreased sensitivity to pinprick in a stocking-glove distribution in his feet and hands. (Id.) Dr. Sharma opined that plaintiff would be limited in his ability to finger objects, should be limited to lifting 25 pounds or less, and should avoid walking on uneven ground.

In his January 28, 2005 decision, the ALJ made the following findings:

1. The claimant meets the nondisability requirements for a period of disability and Disability Insurance benefits set forth in Section 216(i) of the Social Security Act and is insured for benefits through the date of this

|    |     |                                                                                                                                                    |
|----|-----|----|
| 1  |     | decision. |
| 2  | 2.  | The claimant has not engaged in substantial gainful activity since the alleged onset of disability. |
| 3  | 3.  | The claimant's diabetes, weak and numbness of feet, and poor vision are considered "severe" based on the requirements in Appendix I, subpart P, Regulation No. 4. |
| 4  | 4.  | These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix I, subpart P, Regulation No. 4. |
| 5  | 5.  | The undersigned finds the claimant's allegations regarding his limitations are not totally credible for the reasons set forth in the body of this decision. |
| 6  | 6.  | The claimant has the following residual capacity to perform light work. |
| 7  | 7.  | The claimant is unable to perform any of his past relevant work. |
| 8  | 8.  | The claimant is a "younger individual between the ages of 18 and 44." |
| 9  | 9.  | The claimant has a "high school (or high school equivalent) education. |
| 10 | 10. | The claimant has no transferable skills from any past relevant work and/or transferability of skills is not an issue in this case. |
| 11 | 11. | The claimant has the residual functional capacity to perform substantially all of the full range of light work. |
| 12 | 12. | Based on an exertional capacity for light work, and the claimant's age, education, and work experience, Medical-Vocational Rule 202.00, Appendix 2, Subpart P, Regulations No. 4 would direct a conclusion of not disabled. |
| 13 | 13. | The claimant's capacity for light work is substantially intact and has not been compromised by any nonexertional limitations. Accordingly, using the above-cited rule(s) as a framework for decision-making, the claimant |

is not disabled.

14. The claimant was not under a "disability" as defined in the Social Security Act, at any time through the date of this decision.

(Tr. 20 (internal citations omitted.))

Based on these findings, the ALJ concluded that plaintiff was not entitled to a period of DIB and was not entitled to receive SSI payments. The decision of the ALJ became final when the Appeals Council denied plaintiff's request for a review on October 18, 2005. The plaintiff filed a timely appeal in this court on November 1, 2005.

II. Standard of Review

This court's review is limited to whether the Commissioner's decision to deny benefits to plaintiff is based on proper legal standards under 42 U.S.C. § 405(g) and supported by substantial evidence on the record as a whole. See Copeland v. Bowen, 861 F.2d 536, 538 (9th Cir. 1988) (citing Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 575-76 (9th Cir. 1988)). Substantial evidence means more than a mere scintilla of evidence, but less than a preponderance, Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996) (citing Sorensen v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975)). "It means such evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 402, 91 S. Ct. 1420 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229, 59 S. Ct. 206 (1938)). The court must consider both evidence that supports and evidence that detracts from the Commissioner's decision, but the denial of benefits shall not be overturned even if there is enough evidence in the record to support a contrary decision. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence. See Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

III. <u>Discussion</u>

In his motion for summary judgment or remand, plaintiff argues that the ALJ erred in his credibility analysis and erred in his use of the Medical Vocational Guidelines in light of plaintiff's non-exertional impairments.

    A.    <u>Credibility Analysis</u>

Plaintiff contends that substantial evidence does not support the ALJ's finding that plaintiff's testimony regarding his limitations is not totally credible. "Without affirmative evidence that the claimant is malingering, the Commissioner's reasons for rejecting the claimant's testimony must be clear and convincing. If an ALJ finds that a claimant's testimony relating to the intensity of his pain and other limitations is unreliable, the ALJ must make a credibility determination citing the reasons why the testimony is unpersuasive. The ALJ must specifically identify what testimony is credible and what testimony undermines the claimant's complaints." <u>Morgan v. Apfel</u>, 169 F.3d 595, 599 (9th Cir. 1999)(citations and internal quotations omitted).

The ALJ gave the following reasons for discrediting plaintiff's testimony of physical impairment:

> The physician indicated that the claimant was non-compliant with his diabetes mellitus. The claimant has not required any surgery or other treatment to relieve pain. There is no evidence that the claimant's doctor suggested other modalities of treatment. Furthermore, the medical evidence failed to support the intensity of the claimant's symptoms, and aggravating factors. The evidence consistently shows that the claimant's subjective complaints are much worse than the objective findings as evidence [sic] by the record.

(Tr. 17.) The ALJ's reasons for discrediting plaintiff's subjective complaints of physical impairment are therefore (1) failure to comply with his diabetes treatment; (2) plaintiff not being referred for surgery or further treatment; and (3) lack of objective medical findings.

The record as a whole does not support the ALJ's conclusion that "the evidence consistently shows that the claimant's subjective complaints are much worse than the objective findings..." (Tr. 17.) Clinical records from the Sacramento County Primary Care Clinic reveal

6

that plaintiff has decreased sensitivity in his feet and foot lesions. (Tr. 120.) The consultative exam revealed decreased sensation in both plaintiff's feet and hands and a difficulty with tandem gait. (Tr. 130.) These are significant findings supporting plaintiff's testimony regarding his limitations and are contrary to the ALJ's finding that there is a lack of medical evidence to support plaintiff's subjective complaints.

Additionally, other than a cursory reference to the fact that plaintiff has not required surgery or other treatment to relieve pain and the failure of plaintiff to be medication compliant, the ALJ failed to adequately discuss any of the established credibility factors set forth in Social Security Ruling 96-7p.[1]

The undersigned therefore concludes that the ALJ's reasons for discrediting plaintiff's testimony are neither clear nor convincing. The record fails to support the ALJ's finding that plaintiff maintains the residual functional capacity to perform light work.

### B.   Use of the Medical Vocational Guidelines

Plaintiff's next claim of error is that the ALJ erred in using the Medical Vocational Guidelines (also known as the Grids) because plaintiff had both exertional and non-exertional limitations, meaning that the grids do not completely describe his limitations and abilities and are inapplicable. The Grids are a matrix system for handling claims that involve substantially uniform levels of impairment. See 20 C.F.R. Part 404, Subpt. P, App. 2. The Grids provide a uniform conclusion about the availability of jobs for all persons whole medical condition is categorized in the same way. See id. "When the Grids do not completely describe the claimant's abilities and limitations, such as when the claimant has both exertional and non-exertional limitations..., the Grids are inapplicable, and the ALJ must take the testimony of a VE

---

[1] SSR 96-7p sets forth specific considerations to be made by the ALJ. For instance, the ALJ should consider, among other things, the claimant's daily activities; the location, duration, frequency, and intensity of the individual's pain or other symptoms; factors that can precipitate and aggravate the symptoms; treatment, other than medication, the individual receives or has received; and any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

[vocational expert]." Moore v. Apfel, 216 F.3d 864 (9th Cir. 2000).

The record shows that the ALJ found plaintiff to be limited in fingering objects, limited in fine manipulation, and limited from jobs requiring intact tactile abilities. (Tr. 17.) The ALJ also limited him from jobs requiring full binocular vision and intact depth perception. (Id.) The ALJ found that plaintiff could perform a full range of light work.[2]

Social Security Ruling 85-15 states that "loss of fine manual dexterity narrows the sedentary and light ranges of work much more than it does the medium, heavy, and very heavy ranges of work." See SSR 85-15. Social Security Ruling 83-10 states that "most sedentary jobs require good use of hands and fingers for repetitive hand-finger actions." See SSR 83-10. The Grids for light work are predicated on the assumption that the individual can also perform the full range of sedentary work. 20 C.F.R. Pt. 404, Subpt. P, App. 2, sec. 202.00(a).

Given that plaintiff's limitations in fingering objects, fine manipulation, and tactile abilities preclude him from performing most sedentary work, plaintiff cannot perform a full range of light work, as set forth by the Grids. The court finds that, in order to meet his burden under step five, the ALJ was required to hear testimony from a vocational expert. See Roberts v. Shalala, 66 F.3d 179, 184 (9th Cir. 1995).

Accordingly, plaintiff's motion for summary judgment is granted and this case is remanded to the Commissioner pursuant to sentence four of U.S.C. § 405(g) for further consideration of plaintiff's testimony regarding limitation and pain and for testimony of a vocational expert regarding what jobs plaintiff would be able to perform and the availability of such jobs in the national economy. The Commissioner's motion for summary judgment is denied.

///

///

---

[2]The functional capacity to perform a full range of light work includes the functional capacity to perform sedentary work as well. (Tr. 18.)

8

IV.     Conclusion

        For the foregoing reasons, this matter will be remanded under sentence four of 42 U.S.C. § 405(g) to address the deficiencies noted above.

        Accordingly, IT IS HEREBY ORDERED that:

    1. The Commissioner's motion for summary judgment is denied.

    2. Plaintiff's motion for summary judgment is granted and this matter is remanded for further proceedings consistent with this order.

DATED:  January 18, 2007.

                                             **CRAIG M. KELLISON**
                                             UNITED STATES MAGISTRATE JUDGE